FILED
OCT 17 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Danny Joe Hirschfield,       )
                             )
    Plaintiff,          )
                             )
v.                           )    Civil Action No.   11 1826
                             )
State of California *et al.*,  )
                             )
    Defendants.         )

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a resident of Capitol Heights, Maryland, suing the State of California and its Department of Mental Health, for, among other alleged wrongs, detaining him against his will "for certain periods at a time" over 10 years, Compl. at 2, and forcibly medicating him. *See id.* at 2-3. The Eleventh Amendment to the U.S. Constitution immunizes a state from suit in federal court, unless immunity is waived.[1] *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76 (1999); *Keenan v. Washington Metropolitan Area Transit Authority*, 643 F. Supp. 324, 327-28 (D.D.C. 1986) (citing cases). A waiver is found

---

[1] The amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. It is long established that this amendment applies equally to suits brought by citizens against their own states. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).

"only where stated 'by the most express language or by such overwhelming implications from the test as [will] leave no room for any other reasonable construction.' " *Morris v. Washington Metropolitan Area Transit Authority*, 781 F.2d 218, 221 (D.C. Cir. 1986) (internal citations omitted).

Plaintiff has not alleged, and the complaint does not reveal, a basis from which the Court may find a waiver of California's immunity, which generally extends to its agencies. Therefore, the complaint will be dismissed. *See Citizens Alert Regarding Environment v. EPA*, 102 Fed. Appx. 167, 169 (D.C. Cir. 2004) ("As CARE has sued these state agencies directly rather than pursuing its claim[s] . . . against individual state officers, the Eleventh Amendment deprives the court of jurisdiction as there is no indication that Congress has abrogated, or the state waived, sovereign immunity towards suits of this kind.") (citation omitted).[2] A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ *United States District Judge*

October 13, 2011

---

[2] Even if plaintiff could establish a waiver of immunity, the complaint arises from events that allegedly took place in Los Angeles, California, and, thus, reveals no connection to the District of Columbia. Hence, this judicial district would not be the proper venue for litigating plaintiff's claims. *See* 28 U.S.C. § 1391(b) (designating the proper venue under the circumstances presented as the location where the defendants reside or where a substantial part of the events occurred); *see also, e.g., Hirschfield v. U.S. Dep't of Homeland Security*, Civ. No. 11-1441 (UNA) (D.D.C. Aug. 8, 2011) (transferring plaintiff's earlier submitted case to the Central District of California).